**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **PHENIX LONGHORN, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | **Civil Action No. _____** |
| | § | |
| **VIZIO, INC.,** | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Phenix Longhorn, LLC ("Phenix") files this Original Complaint for Patent Infringement ("Complaint") against Defendant VIZIO, Inc. ("VIZIO") pursuant to 35 U.S.C. § 271 and in support thereof would respectfully show the Court the following:

## THE PARTIES

1.      Phenix is a limited liability company organized and existing under the laws of the State of Texas.  Phenix maintains a registered agent and office in the Eastern District of Texas (this "District") located at 2325 Oak Alley, Tyler, Texas 75702.

2.      Upon information and belief, VIZIO is a California corporation having its principal place of business at 39 Tesla, Irvine, California 92618.  On information and belief, VIZIO is a wholly-owned, domestic subsidiary of Leshi Internet Information and Technology Corp. (a/k/a "LeEco"), formerly known as Beijing Leshi Star Information and Technology Corp., a company incorporated in the Peoples Republic of China, having its principal place of business at 16F,

Hongchengzintai Mansion, No, No. 105, Yaojiayuan Road, Chaoyang District, Beijing 100025, PRC.

3.      On information and belief, until April 18, 2016, when it filed a Certificate of Withdrawal of Registration with the Texas Secretary of State, VIZIO was a foreign corporation registered to transact business in the State of Texas.  Notwithstanding the foregoing certificate, on information and belief, VIZIO regularly conducts and transacts business in the State of Texas, throughout the United States, and within this District, and as set forth below, has committed and continues to commit, tortious acts of infringement within and outside the State of Texas and within this District.

<u>**JURISDICTION AND VENUE**</u>

4.      This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code ("U.S.C.") §1, including 35 U.S.C. §§ 271 and 281-285. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338.

5.      This Court has personal jurisdiction over VIZIO by virtue of its systematic and continuous contacts with this jurisdiction, as alleged herein, as well as because the injury to Phenix occurred in the State of Texas and the claim for relief possessed by Phenix against VIZIO for that injury arose in the State of Texas.  On information and belief, VIZIO has purposely availed itself of the privileges of conducting business within the State of Texas, such business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly transacting or soliciting business, engaging in other persistent courses of conduct, or deriving or attempting to derive

substantial revenue and financial benefits from goods and services provided to individuals residing in the State of Texas and in this District. Thus, VIZIO is subject to this Court's specific and general personal jurisdiction pursuant to due process and the Texas Long Arm Statute.

6.      Personal jurisdiction also exists specifically over because VIZIO, directly or through subsidiaries or intermediaries (including customers, distributors, retailers, and others), subsidiaries, alter egos, and/or agents – ships, distributes, offers for sale, sells, imports, advertises, or markets in the State of Texas and in this District, one or more products that infringe the patent-in-suit, as described particularly below.  VIZIO has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the awareness and/or intent that these products will be purchased by consumers in this District. VIZIO knowingly and purposefully ships infringing products into and within this District through an established distribution channel. These infringing products have been and continue to be purchased by consumers in this District.

7.      Without limiting the foregoing, VIZIO admitted in its Form S-1 Registration Statement filed on July 24, 2015 with the U.S. Securities and Exchange Commission under the Securities Act of 1933 ("Form S-1") that it was "utilizing third-party logistics and distribution centers located in . . . Grand Prairie, Texas . . .".  VIZIO distributes products, including television products, from three third-party logistics and distribution centers; one of which includes the aforementioned distribution center located in Grand Prairie, Texas.  Furthermore, according to its Form S-1, VIZIO's major customers include "Costco and Sam's Club and mass market retailers such as Best Buy, Target and Wal-Mart," where VIZIO holds the first or second shelf-share positions, stores doing business in the State of Texas and throughout this District. On information and belief, these retail stores, collectively, have 29 outlets in this District. These

retailers currently sell and/or offer for sale VIZIO television products .

8.     Upon information and belief, through those activities, VIZIO has committed the tort of patent infringement in this District. Phenix's claim for relief for patent infringement arises directly from VIZIO's activities in this District.

9.     On information and belief, VIZIO has a registered agent for service of process located in the State of California at Registered Agent Solutions, Inc., 1220 S Street, Suite 150, Sacramento, California 95811.

10.     On information and belief, VIZIO, directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), has transacted business in the Eastern District of Texas and has committed acts of patent infringement in the Eastern District of Texas. Thus, venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391 and 1400(b).

## THE ASSERTED PATENT

11.     On June 19, 2007, United States Patent No. 7,233,305 ("the '305 patent" or "the patent-in-suit") entitled "Gamma Reference Voltage Generator" was duly and legally issued with Richard Orlando and Trevor Blyth as the named inventors, after full and fair examination by the U.S. Patent and Trademark Office.  Phenix is the owner, by assignment, of all rights, title, and interest in and to the '305 patent, including the right to sue for and recover all past, present and future damages for infringement of the '305 patent.  A copy of the '305 patent is attached hereto as Exhibit A.

## BACKGROUND FACTS

12.     The subject matter of the '305 patent is an integrated circuit that improves the color fidelity of liquid crystal display ("LCD") screens for computer products, using a technology known as programmable gamma ("PGamma") correction.

13.     VIZIO manufactures and sells to consumers in North America various models of television sets having liquid crystal displays ("LCDs").  According to VIZIO's Form S-1 , VIZIO "currently outsource[s] manufacturing to a diversified base of manufacturers including Hon Hai Precision Industry Co., Ltd. (Hon Hai), Wistron, TPV, and AmTRAN, which purchase components and assemble our televisions . . . in facilities in China and Mexico." VIZIO's Form S-1 also states that VIZIO "compete[s] primarily in the high-definition television market . . . estimated . . . as a $21.1 billion market as of 2014" and "substantially all of [VIZIO's] product sales occurred in the United States."

14.     AU Optronics Corporation ("AUO"), a Taiwanese company, manufactures and sells LCD panel modules, which are incorporated by manufacturers of television sets, including VIZIO.  The LCD panel modules made by AUO include the LCD screen itself and circuits to control the LCD screen.  Most of the electronic components that are part of the LCD panel module are mounted on a printed circuit board, generally referred to as a timing control board or "T-Con" board.  Placed inside the television housing, a T-Con board connects to a main circuit board and to the LCD screen that displays an image to a user.  All of the intricate timing and data control signals required to form an image on the LCD screen is performed by the T-Con board.

15.     One particular T-Con board made by AUO, model number T430QVN01.0, contains the AUO-1422.J1 integrated circuit as a component.

16.     The AUO-1422.J1 integrated circuit is used for PGamma correction in certain VIZIO television sets and is made for AUO by Himax Technologies, Inc. ("Himax"), a company with headquarters in Taiwan.

17.     On information and belief, AUO sells LCD panel modules containing the T-Con board, model number T430QVN01.0, either directly to VIZIO or to one of VIZIO's authorized Chinese manufacturers.

18.     VIZIO directly manufactures, or has manufactured for it, a 50 inch, 4K LCD television set with model number E50u-D2, that contains the aforementioned T-Con board, model number T430QVN01.0, with the AUO -1422.J1 integrated circuit as a component.

19.     As of the filing of this Complaint, VIZIO television set, model E50u-D2, is currently available for sale at various retail outlets throughout the United States and in this District, specifically including but not limited to the Costco store located at 3800 Central Expressway, Plano, Texas 75074, which is located in this District.

20.     Upon information and belief, VIZIO had knowledge or was aware of the '305 patent before the filing of the Complaint because products marked with the patent number were made, offered for sale, and sold in the United States, including but not limited to by Alta Analog, Inc.  At least as of 2009, Alta Analog Inc. marked products with the patent number of the '305 patent, among other places, in the products' data sheets.  Thus, VIZIO and the public are deemed to have notice of the '305 patent.

### COUNT 1
### VIZIO'S DIRECT INFRINGEMENT OF U. S. PATENT NO. 7,233,305

21.     Phenix restates and incorporates by reference its allegations in paragraphs 1 through 20 of this Complaint as if fully set forth herein and says, as more fully described below, that VIZIO has infringed the '305 patent and will continue to do so unless enjoined by this Court.

22.     VIZIO has been and is now designing, marketing, testing, making or having made, using, selling, distributing, importing, and/or offering for sale in the United States television sets

that are comprised of one or more AUO-1422.J1 integrated circuits that infringe one or more claims of the '305 patent (the "Infringing Products").

23.    On information and belief, the Infringing Products infringe at least claim 1 of the '305 patent because they are comprised of at least one integrated circuit that contains at least the following salient features:   a plurality of non-volatile storage cells; circuits for programming coupled to a multiplexer for addressing and programming said storage cells, wherein the addressing is based on a plurality of inputs; drivers connected to said storage cells and to the plurality of outputs; and the plurality of inputs connected to said multiplexer for addressing said storage cells; wherein said voltage signals are gamma reference voltage signals for determining actual driving voltages of columns of a display, wherein said non-volatile storage cells are organized into two or more banks of cells wherein each bank contains a predetermined gamma reference voltage signal display condition; and means to switch between the banks based on one or more external signals.

24.    VIZIO has been and is now directly infringing the '305 patent by making or having made, designing, testing, using, selling, offering for sale, and/or importing into the United States the Infringing Products.

25.    VIZIO, directly and/or through subsidiaries or intermediaries, has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '305 patent by making or having made, designing, testing, using, making available for another's use, selling or offering to sell, and/or importing the Infringing Products.  VIZIO's infringing activities include importing, offering for sale, and selling the Infringing Products in the United States. VIZIO also infringes the '305 patent by selling and offering to sell the Infringing Products

directly and via sales representatives, distributors, and resellers to consumers, businesses, distributors, and resellers.

26.     VIZIO has committed these acts of infringement without consent, license or authorization from Phenix.

27.     By engaging in the conduct described herein, VIZIO has caused injury to Phenix and Phenix has been damaged and continues to be damaged as result thereof and VIZIO is thus liable to Phenix for infringement of the '305 patent, pursuant to 35 U.S.C. § 271.

28.     As a direct and proximate result of VIZIO's infringement of the '305 patent, Phenix has suffered monetary losses for which Phenix is entitled to an award of damages that are adequate to compensate Phenix for VIZIO's past infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty on any infringing product made, used, sold, or offered for sale in the United States or elsewhere, together with interest and costs.

29.     In addition, the infringing acts and practices of VIZIO have caused, are causing, and, unless such acts or practices are enjoined by the Court, will continue to cause immediate and irreparable harm and damage to Phenix for which there is no adequate remedy at law, and for which Phenix is entitled to injunctive relief pursuant to 35 U.S.C. § 283. As such, Phenix is entitled to compensation for any continuing and/or future infringement up until the date that VIZIO is finally and permanently enjoined from further infringement.

## **DEMAND FOR JURY TRIAL**

30.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38(a), Phenix hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Phenix prays for the following relief:

a)      A judgment and order that VIZIO has directly infringed (either literally or under the doctrine of equivalents) the '305 patent;

b)      A judgment and order preliminarily and permanently enjoining VIZIO, its respective officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns and any other person(s) in active concert or participation with them from directly infringing the '305 patent for the full term thereof;

c)      A judgment and order requiring VIZIO to pay Phenix an award of damages under 35 U.S.C. § 284, adequate to compensate Phenix for VIZIO's past infringement, but in no event less than a reasonable royalty, including enhanced damages as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of the final Judgment with an accounting, as needed, as well as damages for any continuing or future infringement up to and including the date that VIZIO is finally and permanently enjoined from further infringement;

d)      A judgment and order requiring that in the event a permanent injunction preventing future acts of infringement is not granted, that Phenix be awarded a compulsory ongoing licensing fee;

e)      A judgment and order that this action be found an exceptional case pursuant to 35 U.S.C. § 285, entitling Phenix to an award of all costs of this action, including attorneys' fees and interest;

f)      A judgment and order requiring VIZIO to pay Phenix the costs of this action;

g)     A judgment and order requiring VIZIO to pay Phenix pre-judgment and post-judgment interest on the damages award; and

h)     Such other and further relief as the Court deems just and equitable.


Dated: January 5, 2017

                                        Respectfully submitted,

                                        *Andy Tindel w/ permission of Lead Attorney*

                                        NICOLAS S. GIKKAS (Lead Attorney)
                                        California State Bar No. 189452
                                        Email: nsg@gikkaslaw.com

                                        LEWIS E. HUDNELL, III
                                        California State Bar No. 218736
                                        Email: leh@gikkaslaw.com

                                        THE GIKKAS LAW FIRM, P.C.
                                        530 Lytton Avenue
                                        2nd Floor
                                        Palo Alto, California 94301
                                        Telephone:  (650) 617-3419
                                        Facsimile:    (650) 618-2600


                                        ANDY TINDEL
                                        Texas State Bar No. 20054500

                                        MT$^2$ LAW GROUP
                                        MANN | TINDEL | THOMPSON
                                        112 East Line Street, Suite 304
                                        Tyler, Texas 75702
                                        Telephone:  (903) 596-0900
                                        Facsimile:   (903) 596-0909
                                        Email: atindel@andytindel.com


                                        **ATTORNEYS FOR PLAINTIFF**